**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christi L Scala, | No. CV-21-00539-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff's Application for Title II Disability Insurance Benefits. Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial, and the Court now considers Plaintiff's Opening Brief (Doc. 23, "Pl.'s Br."), Defendant's Response Brief (Doc. 27, "Def.'s Br."), and Plaintiff's Reply Brief (Doc. 30, "Reply"). Plaintiff also filed a Supplemental Citation to Authority (Doc. 31) to which Defendant filed a Motion to Strike.[1] (Doc. 33.) The Court has reviewed the briefs and Administrative Record (Doc. 22, "R.") and now reverses the Administrative Law Judge's decision and remands the case to the Social Security Administration for further consideration.[2]

///

---

[1] Plaintiff Christ L. Scala (Scala) filed a notice of supplemental authority to call the Court's attention to *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). (Doc. 31.) Without leave of the Court, Plaintiff offers seven pages of additional argument and briefing. (Doc. 31.) The Scheduling Order is clear about the page lengths and timing of briefing in this case. (Doc. 3.) The Court also makes clear it may strike a non-complying brief. (Doc. 3.) For the forgoing reasons, Plaintiff's supplemental briefing will be stricken.

[2] Both parties have submitted legal memoranda and oral argument would not have aided the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).

## I. BACKGROUND

Plaintiff, Christi Scala, filed an application for Social Security Disability Insurance benefits on October 26, 2018 based on disability beginning February 1, 2018. (Pl.'s Br. at 2.) After state agency initial and reconsideration denials, the Administrative Law Judge ("ALJ") issued an unfavorable decision on August 28, 2020. It became the final agency decision when the Social Security Administration Appeals Council denied a request for review of that decision on February 11, 2021 and adopted the ALJ decision as the agency's final decision. (Pl.'s Br. at 2.) The present appeal follows.

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.*

At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

### III.  ANALYSIS

The Court begins its analysis with Plaintiff's symptom testimony and then moves to the opinion evidence.

**A.  The ALJ properly rejected Plaintiff's symptom testimony**

The ALJ engages in a two-step analysis when evaluating a claimant's symptom testimony. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ must determine whether the claimant has produced objective medical evidence of an underlying impairment. *Id.* Second, unless there is evidence that the claimant is malingering, the ALJ must provide specific, clear, and convincing reasons for rejecting symptom testimony associated with the underlying impairment. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). This is the most demanding standard in Social Security cases. *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002). Here, the ALJ found an underlying impairment and cited no evidence of malingering. (R. at 13-25.) Accordingly, the ALJ needed to provide specific, clear and convincing reasons to discount Plaintiff's symptom testimony.

In making credibility determinations, an ALJ may consider a variety of factors in evaluating symptom testimony including, "[the claimant's] reputation for truthfulness, inconsistencies either in [her] testimony or between [her] testimony and [her] conduct, [her] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [she] complains." *Light v. Soc. Sec. Admin., Comm'r*, 119 F.3d 789, 792 (9th Cir. 1997). Here, the ALJ appears to present two bases for discounting Plaintiff's testimony: (1) inconsistency with Plaintiff's daily activities/prior work history and (2) inconsistency with the objective medical evidence.

As to the first justification, an ALJ may find that a claimant's testimony regarding her daily activities detracts from her credibility when the activities contradict other testimony and meet the "threshold for transferable work skills." *Orn*, 495 F.3d at 639. Daily activities may lead to an adverse credibility finding if the activities are transferable to a work setting and the claimant can engage in them for a substantial part of her day. *Id*. Even if the work she has done during the relevant period does not rise to the level of substantial activity, "it may show that [the claimant was] able to do more work than [she] actually did." *Id*. § 404.1571; *see also Ford*, 950 F.3d at 1156 ("An ALJ may consider any work activity, including part-time work, in determining whether a claimant is disabled . . . .")

As the Commissioner argues, the facts of this case are analogous to those in *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219 (9th Cir. 2009). In *Bray*, the claimant "worked for an ill friend as a part-time caregiver." *Id*. at 1221. The Ninth Circuit affirmed that the ALJ reasonably discounted the claimant's subjective complaints because "she recently worked as a personal caregiver for two years." *Id*. at 1227. As in *Bray*, Scala testified that since March 2018, one month after she allegedly became disabled, she has worked about 20 hours per week as a caregiver, which involves changing her adult client's diaper, giving baths, feeding, and socializing. (R. at 20, 38; R. at 21, 38); *see also* (R. at 15, 168.) In her opening brief, Plaintiff does not challenge the ALJ's use of Plaintiff's work history to

discount Ms. Scala's subjective complaints.[3] Accordingly, Plaintiff's opportunity to do so is forfeited. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (explaining that issues not "specifically and distinctly argued" in the opening brief are forfeited). The Court need not discuss any inconsistency in the objective medical evidence since any other error in assessing Plaintiff's subjective complaints is harmless so long as a valid reason remains. *Id*. at 1162.

### B. The ALJ Erred by Failing to Properly Address the Medical Opinion of NP Pierce

Scala also argues that the ALJ erred by rejecting NP Pierce's assessments without providing an explanation of the supportability and consistency of NP Pierce's opinion. (Pl.'s Br. at 17.) In response, the Commissioner maintains that the ALJ conformed to the revised regulations' articulation requirements in reasonably finding NP Pierce's opinions unpersuasive. (Def.'s Br. at 13.)

In 2017, the Social Security Administration amended the regulations for evaluating medical evidence. *See* Revisions to Rules Regarding Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017). The new regulations apply to claims filed on or after March 27, 2017. *Id*. Here, Plaintiff filed her application after the effective date. (Pl.'s Br. at 2.) The Ninth Circuit recently addressed the effect of the new regulations, so the Court begins by addressing this issue. *See Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

Under the old regulations, "[t]he law in the Ninth Circuit [was] that, although the ALJ must consider all medical opinion evidence, there is a hierarchy among the sources of medical opinions. Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians." *Latahotchee v. Comm'r of Soc. Sec. Admin.*, 2021 WL 267909, *4 (D. Ariz. 2021) (citation omitted). Based on this hierarchy, the Ninth Circuit consistently ruled that an ALJ may only reject an examining

---

[3] The Court does acknowledge that Plaintiff does challenge the ALJ's use of Ms. Scala's work history to discount Nurse Practitioner Pierce's ("NP Pierce") assessment. (Pl.'s Br. at 24.)

- 5 -

physician's opinion by providing "specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).

The 2017 regulations provide that "[ALJs] will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion . . . . The most important factors [an ALJ will] consider when [evaluating] the persuasiveness of medical opinions . . . are supportability . . . and consistency." 20 C.F.R. § 404.1520c(a). Other factors, which an ALJ "may, but [is] *not required to*[ ] explain" when evaluating the persuasiveness of a medical opinion, are the medical source's "relationship with the claimant," "specialization," "familiarity with the other evidence in the claim," and "understanding of our disability program's policies and evidentiary requirements." *Id.* § 404.1520c(b)(2), (c) (emphasis added).

In *Woods*, the Ninth Circuit held that these revised regulations clearly intended to abrogate its precedent requiring ALJs to provide "specific and legitimate reasons" for rejecting a treating or examining doctor's opinion. *See Woods*, 32 F.4th at 792. Nonetheless, in so holding, the Ninth Circuit stressed that an ALJ "must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, and 'explain how it considered the supportability *and* consistency factors' in reaching these findings." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2) (emphasis added)).

Here, in failing to clearly explain how he considered the supportability of NP Pierce's opinion, the ALJ failed to meet the revised regulations' articulation standards. According to the Commissioner, the ALJ's finding that NP Pierce's opinions conflicted with her own exams shows that her opinions are unsupported. (Def.'s Br. at 13.) Specifically, Commissioner argues that "NP Pierce's belief that [Plaintiff] would have problems carrying out instructions, making judgments, and interacting with others [is undercut by her findings that Plaintiff] presented as cooperative, articulate, and with normal thought process and attention at multiple exams." (*Id.* at 14.) The Court finds the ALJ's explanation insufficient. While the ALJ's explanation addresses the consistency of NP Pierce's opinions, the revised regulations clearly state that an ALJ must also explain

how he considered the supportability factor in reaching his findings. *See Woods*, 32 F.4th at 792. Supportability is defined as how "relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical findings." 20 C.F.R. § 404.1520c(c)(1); *see also Woods*, 32 F.4th at 793 n.4 (cautioning ALJs to be clear when discussing supportability and directing them to use the term of art with precision). Thus, in reaching his conclusion, the ALJ needed to adequately explain how the relevant objective medical evidence and NP Pierce's proffered supporting explanations were considered. Incongruities between NP Pierce's opinions may imply that NP Pierce's opinions are inconsistent, but this does not mean they are unsupported. Merely pointing out NP Pierce's varying clinical findings does not explain specifically how her medical opinion was unsupported. As a result, the Court finds that the ALJ erred by not properly addressing how he considered the supportability factor in finding NP Pierce's medical opinion to be unpersuasive.

### C. The Credit-as-True Rule Does Not Apply

Finally, Plaintiff asks that the Court apply the "credit-as-true" rule – resulting in remand of Plaintiff's case for payment of benefits rather than for further proceedings. (Pl.'s Br. at 23–24.) The credit-as-true rule only applies in cases that raise "rare circumstances" which permit the Court to depart from the ordinary remand rule under which the case is remanded for additional investigation or explanation. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1102 (9th Cir. 2014). These rare circumstances arise when three elements are present. First, the ALJ must have failed to provide legally sufficient reasons for rejecting medical evidence. *Id*. at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and the Court must find that further administrative proceedings would not be useful. *Id*. at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id*. Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest

uncertainty as to the outcome of [the] proceeding.'" *Id.* (citations omitted).

In this case, the ordinary remand rule applies because the ALJ did not fully develop the record in support of his decision to assign little weight to the opinion of NP Pierce. Evidentiary conflicts remain that must be resolved and there is still uncertainty as to the outcome of the proceeding. For the foregoing reasons, the Court will remand this matter to the ALJ for further development.

## IV.   CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** remanding this matter to the Social Security Administration for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** granting Defendant's Motion to Strike Plaintiff's Supplemental Citation to Authority. (Doc. 33.)

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly and close this case.

Dated this 30th day of August, 2022.

Michael T. Liburdi
United States District Judge